# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GENE GALES, JR.**                                                                                   **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 2:11cv244-KS-MTP**

**HATTIESBURG CITY COUNCIL, et al.**                                      **DEFENDANTS**

## ORDER

This order addresses the following motions: Plaintiff's [30] Motion to Dismiss State Court Indictment; Plaintiff's [32] Motion for Reconsideration of the Court's [12] order denying appointment of counsel; and Plaintiff's [35] Motion for Default Judgment.

The Court initially observes that Plaintiff's request for this Court to intervene in his state court criminal proceedings is not a remedy available under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (habeas corpus petition is proper vehicle to seek release from custody). A prisoner's claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief, not a § 1983 claim. *Id*. (citing *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)). To the extent Plaintiff seeks release from incarceration, and because 28 U.S.C. § 2254 provides the exclusive remedy available to a state prisoner attacking the validity of confinement, the [30] motion to dismiss state court indictment must be denied.[1]

On January 31, 2012, this Court entered an order [12] denying Plaintiff's [8] Motion for Appointment of Counsel. Plaintiff has now filed a second [32] Motion for Appointment of Counsel. Plaintiff's [32] motion fails to establish grounds for the appointment of counsel in this

---

[1]The Court does not reach a determination of the viability or timeliness of any possible habeas claims.

*pro se* prisoner litigation.

There is no need to repeat the legal principles set forth in the Court's prior order [12] denying Plaintiff's original request for appointment of counsel. Under the circumstances presented in the instant case, the Court once again observes that the issues are not complex and are no different from the types of issues dealt with regularly by this Court with respect to *pro se* prisoner plaintiffs. The complaint and other documents filed by Plaintiff show that he is able to effectively communicate and present his side of the case as evidenced in the pleadings filed by Plaintiff throughout the course of these proceedings. Although Plaintiff maintains that he does not have ready access to the Federal Rules of Civil Procedure, that fact, even if true, has not prevented him from filing numerous motions related not only to the instant cause of action based on 42 U.S.C. § 1983, but also his state court criminal proceeding.

Moreover, the Court can assist Plaintiff in obtaining any necessary discovery to support his claims that are properly before this Court. Indeed, the Court will schedule an omnibus hearing at the appropriate time to provide the Plaintiff with assistance in obtaining relevant documentation, set discovery parameters, and address other case management issues.[2]

Plaintiff's motion simply does not establish any "exceptional circumstances" for the appointment of counsel. Therefore, once again, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

Finally, Plaintiff's [35] Motion for Default Judgment is not well taken. "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in

---

[2] These issues include Plaintiff's [26] Motion to Issue Summons to John Doe Defendant, Detective Branden McLemore, and his [29] Motion to Amend Complaint to reflect other John Doe Defendants.

default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotations omitted; quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis*, 236 F.3d at 767 (internal quotations omitted; quoting *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Moreover, this action is subject to the Prison Litigation Reform Act of 1995, which provides that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1).

Defendant Brandon Badon's [36] response provides adequate justification for not having filed an answer to the Complaint.  Plaintiff will not suffer prejudice by allowing Defendant Badon to defend this case.[3]  A screening hearing has not yet been held and other proceedings have occurred.  The harsh remedy of a default judgment is not appropriate.

Accordingly,

**IT IS ORDERED**:

Plaintiff's [30] Motion to Dismiss State Court Indictment is **DENIED;**

Plaintiff's [32] Motion for Reconsideration with respect to the appointment of counsel is **DENIED**.

Plaintiff's [35] Motion for Default Judgment is **DENIED**.  Consistent with the [36] response, counsel for Defendant Brandon Badon shall enter an appearance on his behalf, and include a waiver of service of process.  Counsel shall file a dated and signed Answer in substantially the form as attached to the response to Plaintiff's motion for default judgment

---

[3]According to the [36] response, said Defendant "is willing to waive process, enter an appearance, and file [an] Answer . . .".

([36]-2) by no later than May 24, 2012.

      **SO ORDERED** this the 11th day of May, 2012.

                                                              s/Michael T. Parker
                                                              United States Magistrate Judge