IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GENE GALES, JR.**                                                                                       **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 2:11cv244-MTP**

**HATTIESBURG CITY COUNCIL, et al.**                                          **DEFENDANTS**

## OMNIBUS ORDER AND ORDER ON MOTIONS

The parties who are presently before the Court appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on June 12, 2012. Plaintiff appeared *pro se*; and Vardaman Smith appeared on behalf of the Hattiesburg City Council, Hattiesburg Chief of Police Frazier Bolton, Thomas Grant, Unknown Badon,[1] and Zack Rooke. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[2] hearing; a scheduling/case management hearing; a discovery conference; and a motions hearing. The Court's purpose in conducting the hearing is to ensure the just, speedy, and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

### JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a pre-trial detainee at the Forrest County Jail, where he is currently incarcerated pending at least one charge. Plaintiff's claims were clarified and amended by his sworn

---

[1] This Defendant was identified as Brandon Badon, and the pleadings will be amended to reflect his correct name.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

testimony during the *Spears* hearing;[3] accordingly, only the following claims remain pending before the Court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:

Plaintiff's claims for relief are based on separate incidents involving the Hattiesburg Police Department. The claims are brought under the 4th and 14th Amendments and arise from his arrests and incarceration which he asserts were without probable cause and solely for harassment. He further asserts cognizable claims for malicious prosecution.

Chronologically, the arrests or incidents at issue and the participants are as follows:

Plaintiff was arrested on April 1, 2010 by Defendant Rock Hold[4] on a charge of burglary of a commercial building. According to Plaintiff, that charge was dismissed.

In September 2010, Plaintiff was stopped by Defendant Crawford.[5] He was charged with vagrancy. Plaintiff testified that he missed his court date on that charge resulting in his being found guilty.

In October 2010, Plaintiff was stopped by Defendant Pazos[6] for disorderly conduct.

---

[3]*See Hurns v. Parker*, 165 F.3d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[4]Defendant Hold has not been served with process. The unexecuted Marshal's return [18] indicated that said Defendant was on military leave.

[5]Defendant Crawford has also not been served with process. The unexecuted Marshal's return [16] indicated that said Defendant was no longer employed by the Hattiesburg Police Department. Moreover, although he was sued as Unknown Crawford, he was identified at the hearing as Joshua Crawford, and the pleadings will be amended to reflect his correct name.

[6]Defendant Pazos has not been served with process. The unexecuted Marshal's return [17] indicated that said Defendant was no longer employed by the Hattiesburg Police Department.

According to Plaintiff, said Defendant assaulted him by handcuffing him and dragging him on the ground through broken glass. Plaintiff suffered small cuts from this glass which have healed. Plaintiff pled guilty to this charge.

On March 22, 2011, Plaintiff was arrested by Defendants Badon and Rooke for public drunkenness. He was also found guilty of this charge.

On May 7, 2011, Defendants Crawford, Grant, Badon, and Rooke were involved in arresting Plaintiff for possession of burglary tools. According to Plaintiff, this charge was passed to the files and is no longer pending. The parties are directed to provide the Court, on or before June 27, 2012, with a copy of the order dismissing this charge or, if not dismissed, documentation (such as a booking sheet) establishing the status of this charge.

In September 2011, Defendants Grant and Rooke were involved in Plaintiff's arrest for burglary of a dwelling. That charge is still pending.

Plaintiff seeks damages against Defendants Hold, Crawford, Badon, Rooke, Pazos, and Grant for the injuries he has suffered and the emotional distress he has experienced arising out of their conduct on these different occasions. Specifically as to Defendant Hold, Plaintiff seeks reimbursement to his family for bonding fees paid in association with the dismissed commercial burglary charge, and damages for his confinement on that charge.

Plaintiff further asserts claims against the City of Hattiesburg and Police Chief Frazier Bolton because he complained to the City Council and the chief about the treatment he was receiving, and received no response. Plaintiff cited Mississippi state law dealing with municipalities in support of this particular claim.

Based on the above and Plaintiff's testimony at the hearing, the Court finds that

Plaintiff's claims against Defendants Crawford, Badon, Grant, and Rooke only on the claims arising from the May 7, 2011 incident (as to all four Defendants), and the claims arising from the September 2011 (as to Defendants Grant and Rooke) should go forward at this time. Plaintiff shall also be allowed to proceed on his claims against Defendant Hold arising from the April 1, 2010 incident. The charges upon which these claims were based have either been dismissed or were otherwise resolved in Plaintiff's favor, according to the testimony presented at the hearing. As the claims from the September 2010, October 2010, and March 22, 2011 charges and arrests resulted (according to Plaintiff) in convictions, they will not be allowed at this time. *See Heck v. Humphrey*, 512 U.S. 477 (1994).[7] As Plaintiff has not presented a viable cause of action against these Defendants, the claims arising out of these three arrests or incidents are hereby **DISMISSED.**[8] This dismissal includes claims against Defendant Unknown Pazos, whose only involvement was in the arrest in October 2010 for disorderly conduct, for which Plaintiff was convicted. At this time, the City of Hattiesburg and Police Chief Frazier Bolton will remain as Defendants.

---

[7]In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87.

[8]Plaintiff also attempts to set forth a claim against Pazos for excessive force arising out of the arrest in October 2010. Plaintiff's testimony at the hearing failed to state a viable claim under the circumstances presented. Plaintiff was convicted of the charge for which he was arrested and neither the force used nor the injuries allegedly suffered are sufficient to support the claim.

**DISCOVERY ISSUES**

During the hearing the Court determined that Plaintiff is entitled to receive the arrest reports and warrants for the following charges: April 2010 (commercial burglary); September 2010 (vagrancy); May 2011 (possession of burglary tools); and September 2011 (burglary of dwelling). Plaintiff is also entitled to receive the booking sheets for these incidents if they are in Defendants' possession. The City of Hattiesburg and Chief Bolton shall provide to Plaintiff a copy of all correspondence in their possession received from Plaintiff, including all notices filed by Plaintiff with Chief Bolton or the City of Hattiesburg City Council. All of the material described in this paragraph shall be provided within fourteen (14) days of the date of this order.

There are no other discovery issues pending at this time, except for those set forth herein. The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). Thus, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

**PENDING MOTIONS**

Plaintiff has filed the following motions: [26] Motion to Add Detective Branden McLemore as a Defendant. Plaintiff asserts that this detective gave a false report noting a prior arrest connected with the May 7, 2011 incident. As Plaintiff has failed to assert a viable claim of a constitutional violation by Detective McLemore, this [26] motion is not well taken and is **DENIED.**

Plaintiff has also filed a [29] Motion to Amend Complaint. As his claims were clarified during the hearing, this motion is **GRANTED IN PART** and **DENIED IN PART.** It is granted

to the extent of the clarification Plaintiff offered for the relief he seeks; it is denied in all other respects and to the extent that it requests other relief.

Plaintiff has file a [45] Motion for Protective Restraining Order. This relates to Defendant Zack Rooke, who Plaintiff charges with giving him intimidating looks at the Forrest County Jail. According to Plaintiff, Defendant Rooke never said anything to him or touched him.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury, . . .". *Lewis v. S. S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976) (citation omitted).

Plaintiff's request for a protective restraining order is not directly involved with the claims asserted in his cause of action. Moreover, and more significantly, Plaintiff has failed to make a showing on both a substantial likelihood of success on the merits and irreparable injury. Accordingly, the Court finds that Plaintiff's [45] request for what amounts to injunctive relief should be **DENIED**.

**MISCELLANEOUS**

Counsel for Defendants shall file of record on or before June 27, 2012, the current status of Defendant Hold, specifically whether he is still employed by the City of Hattiesburg and

whether he is still on military leave. If he is employed by the City of Hattiesburg and not on military leave, counsel for Defendants shall, on or before June 27, 2012, file a statement with the Clerk indicating whether he will be entering an appearance on behalf of Defendant Hold. If Defendant Hold is no longer employed by the City of Hattiesburg, counsel for Defendants shall, by same date, provide the Court with the last known address of Defendant Hold under seal.

Counsel for Defendants shall, no later than June 27, 2012, provide the Court with the last known address of Defendant Joshua Crawford under seal.

**MOTIONS DEADLINE**

The Court will not establish a deadline for filing motions at this time pending further screening and service of process on the remaining Defendants. However, the Court has determined that the pleadings are closed and no further amendments will be allowed absent a showing of good cause.

Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

**SO ORDERED** this the 13th day of June, 2012.

s/Michael T. Parker
United States Magistrate Judge